UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X

WILMINGTON SAVINGS FUND SOCIETY,　　：
FSB AS OWNER TRUSTEE OF THE　　　　　　：
RESIDENTIAL CREDIT OPPORTUNITIES　　：
TRUST V-D,　　　　　　　　　　　　　　：　　**REMAND ORDER**

　　　　　　　　　　Plaintiff,　　　　：　　22-CV-7177 (AMD) (LB)

　　　　　　　　　　　　　　　　　　　：

　　　　　　　- against -　　　　　　　：

ANNA THERESA BALASH-IOANNIDES a/k/a ：
ANNA THERESA BALASH a/k/a ANNA
BALASH, et al.,　　　　　　　　　　　：

　　　　　　　　　　Defendant.　　　　：

-------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

　　　　On December 6, 2022, the defendant, Anna Theresa Balash-Ioannides, representing

herself, filed this Notice of Removal seeking to remove a 2015 civil proceeding filed in the

Supreme Court of the State of New York, Queens County (Index No. 707379/2015) ("Queens

Foreclosure Action").  (ECF No. 1.)  A judgment of foreclosure has already been entered.  The

plaintiff also filed a proposed Order to Show Cause for a Preliminary Injunction and Temporary

Restraining Order seeking to enjoin the plaintiff, Wilmington Savings Fund Society, FSB, from

conducting an auction of the foreclosed premises scheduled for December 9, 2022.  The plaintiff

filed the instant action in the federal courthouse in Central Islip, and it was transferred to this

Court and assigned to the undersigned today, December 9, 2022.  For the reasons set forth below,

the action is remanded to the Supreme Court of the State of New York, County of Queens,

pursuant to 28 U.S.C. § 1447(c).  The plaintiff's request for emergency injunctive relief is

denied.

**BACKGROUND**

The plaintiff previously filed an action in the United States District Court for the Southern District of New York, subsequently transferred to this Court, in which she sought declaratory and injunctive relief regarding the Queens Foreclosure Action, involving real property located at 21-08 30th Avenue, Astoria, Queens County, New York.  Although the Court dismissed that action pursuant to the *Younger* abstention doctrine and the Anti-Injunction Act, *see Balash-Ioannidou v. Contour Mortg. Corp.*, No. 22-CV-4506, 2022 WL 3358082 (E.D.N.Y. Aug. 15, 2022), the plaintiff has filed a Notice of Removal, seeking to remove the same foreclosure proceeding to this Court pursuant to 28 U.S.C. § 1441, asserting diversity of citizenship and Interpleader pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1335.  (ECF No. 1 ¶ 32.)

The plaintiff does not attach the original pleadings from the Queens Foreclosure Action to the notice of removal.  Instead, she attaches various documents that she apparently submitted to the Queens County Court, including a "*Praecipe*," a "Writ of Coram Nobis [Writ of Error]," and a "Notice of Removal in the Nature of Interpleader."  (ECF No. 1 at 54, 82, 87.)  The plaintiff states that she submitted these documents to the Queens County Court on December 1, 2022.  (*Id.* ¶ 4.)  She also describes herself as a "vessel" and purports to bring this action under Admiralty jurisdiction.  (*Id.* ¶¶ 10, 19.)

In addition, the plaintiff submitted a proposed "Order to Show Cause for Preliminary Injunction and Temporary Restraining Order" seeking to enjoin "the defendants(s) during the pendency of this action from the auction/sale of the plaintiff's home at 21-08 30th Avenue, Astoria, NY 11102 until a final disposition on the merits."  (ECF No. 3 at 4.)

## DISCUSSION

The removal statute provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants, to the district court of the United Sates for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "[T]he party asserting jurisdiction bears the burden of proving that the case is properly in federal court." *United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.* 30 F.3d 298, 301 (2d Cir. 1994). A claim may only be removed to federal court if it could have been filed in federal court at the outset. *Fax Telecommunicaciones Inc. v. AT&T*, 138 F.3d 479, 485 (2d Cir. 1998). A court may remand a removed case to state court *sua sponte* if it finds its subject matter jurisdiction lacking. *See* 28 U.S.C. § 1447(c).

For a removal based on diversity jurisdiction, the party seeking removal must show that the plaintiff(s) and defendants(s) are of diverse citizenship and that the amount in controversy exceeds $75,000, the jurisdictional amount provided by 28 U.S.C. § 1332(a). "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. §1446(c)(2). However, if the initial pleading sought nonmonetary relief, then the notice of removal may assert the amount in controversy, subject to the court finding "by the preponderance of the evidence, that the amount in controversy exceeds the [jurisdictional] amount." 28 U.S.C. §1446(c)(2)(A) and (B). The party seeking to remove the case has the burden of proving that the amount in controversy exceeds the statutory limit to a "reasonable probability." *Scherer v. Equitable Life Assurance Soc'y of the United States,* 347 F.3d 394, 397 (2d Cir. 2003) (internal quotation marks and citations omitted).

Under the "forum defendant" rule, a civil action may not be removed based on diversity jurisdiction "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2); *accord Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005) ("Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State.").

The Notice of Removal must be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief." 28 U.S.C. § 1446(b)(1).  Where removal is based on diversity of citizenship and the case became removable after it was filed, the notice of removal must be filed within 30 days of defendant's receipt of the pleading or other paper indicating removability, 28 U.S.C. § 1446(b)(e), but in no case more than one year after commencement of the action, unless the plaintiff acted in bad faith in order to prevent removal.  28 U.S.C. § 1446(c)(1).  "Failure to file within the 30-day filing period leads to an automatic defeat of the removal petition."  *Levchenko v. Chase Bank USA, N.A.,* No. 10-CV-4268, 2011 WL 1099851, at *1 (E.D.N.Y. Mar. 24, 2011) (quoting *Murray v. Deer Park Union Free Sch. Dist.,* 154 F. Supp. 2d 424, 426 (E.D.N.Y. 2001)).  In addition to stating the grounds for removal in the Notice of Removal, the defendant seeking removal "shall file . . . a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."  28 U.S.C. § 1446(a).

The instant Notice of Removal is deficient.  First, this state court action appears to be unremovable under the "forum defendant" rule, which precludes "properly joined and served" defendants who are citizens of the forum state from removing actions from that state's courts. Although the plaintiff claims to be a "non-citizen New Yorker,"  she also states that "her home"

is located at 21-08 30th Avenue, Astoria, New York.  (ECF No. 3 at 1; ECF No. 1 ¶ 10.)  For purposes of diversity jurisdiction, an individual's citizenship is based on her domicile.  *See Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998) (citing *Gilbert v. David*, 235 U.S. 561, 569 (1915)).  Domicile is "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Id.* (internal quotation marks and citation omitted).   Since the plaintiff is domiciled in New York, the "forum defendant" rule in 28 U.S.C. § 1441(b)(2) specifically precludes removal of the action from a New York State court to a federal court in New York.

Second, the Notice is not timely filed.  The foreclosure action was commenced in 2015 and has proceeded in state court over many years.  The plaintiff does not provide the date upon which she was served and joined, but it was certainly more than one year before she filed the Notice of Removal.  She has not alleged that Wilmington acted in bad faith to prevent removal.

Finally, given that judgment has already entered in the state court action, this Court could not consider any federal claims without disrupting the federal-state balance pursuant to the *Rooker-Feldman* doctrine.  This principle, growing out of *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), holds that federal district courts lack subject-matter jurisdiction to hear cases seeking to "overturn an injurious state-court judgment." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291-92 (2005).  As the Court of Appeals for the Second Circuit has held, "it would be a perversion of the removal process to allow a litigant who is subject to a final judgment to remove that final judgment to the federal courts for further litigation." *Four Keys Leasing & Maint. Corp. v. Simithis*, 849 F.2d 770, 774 (2d Cir. 1988); *see Citibank, N.A. v. Swiatkoski*, No. 04-CV-5122, 2005 WL 6796770, at *2 (E.D.N.Y. Mar. 18, 2005) (remanding foreclosure action where

the New York Supreme Court had already entered judgment of foreclosure and appeal was pending when notice of removal was filed), *aff'd* 160 Fed. App'x. 30 (2d Cir. 2005). Accordingly, I do not have—and cannot exercise—jurisdiction over the plaintiff's case.

## CONCLUSION

For these reasons, removal of the Queens Foreclosure Action to this Court is improper, and the Court remands the action to the Supreme Court of the State of New York, County of Queens, pursuant to 28 U.S.C. § 1447(c).  The request for a preliminary injunction and temporary restraining order is denied.

The Clerk of Court is respectfully directed to send a certified copy of this Order to the Clerk of the Supreme Court of the State of New York, County of Queens, to mail a copy of this Order to the plaintiff, and to close the case in this Court.

**SO ORDERED.**

s/Ann M. Donnelly

_____

ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
       December 9, 2022

6